No. 41,248

THE STATE OF KANSAS, on the relation of John Anderson, Jr., Attorney General, *Plaintiff*, v. PAUL R. SHANAHAN, Secretary of State, State of Kansas, *Defendant*.

(327 P. 2d 1042)

Opinion filed July 7, 1958.

*John Anderson, Jr.,* attorney general, argued the cause, and *Richard E. Pringle,* assistant attorney general, and *Charles N. Henson, Jr.,* assistant attorney general, were with him on the briefs for the plaintiff.

*Philip E. Buzick,* of Topeka, argued the cause, and *Robert L. Webb, Ralph W. Oman, Robert A. McClure, James D. Waugh,* and *Edward B. Converse,* all of Topeka, were with him on the briefs for the defendant.

*Jay W. Scovel, Thomas R. Scovel,* and *Robert K. Scovel,* all of Independence, filed a brief *amici curiae* for Kansas Cooperative Dairy Products Association, Kansas Farm Bureau, Kansans for the Right to Work, Kansas Livestock Association, Kansas Society Daughters of the American Revolution, Kansas State Chamber of Commerce, and Kansas State Grange.

*F. C. Bannon,* of Leavenworth, *William M. Beall,* of Clay Center, *Jerry E. Driscoll,* of Russell, *W. D. Jochems,* of Wichita, *T. M. Lillard,* of Topeka, *L. A. McNalley,* of Minneapolis, *D. C. Martindell,* of Hutchinson, *Raymond Rice,* of Lawrence, and *W. H. Vernon,* of Larned, filed a brief *amici curiae* as members of the bar of this court.

*Robert L. Kimbrough,* of Topeka, *Harry C. Clark,* of Kansas City, Mo., and *John C. Frank* and *Milton Zacharias,* both of Wichita, filed a brief *amici curiae* for the Kansas State Federation of Labor, AFL-CIO.

*Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst, D. Clifford Allison, Gerald D. Lassell,* and *Edmund R. Learned,* all of Wichita, filed a brief *amici curiae* for the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; Chauffeurs, Teamsters and Helpers Local 795.

The opinion of the court was delivered by

ROBB, J.: This is an original proceeding in *quo warranto* brought by the state of Kansas, on the relation of the attorney general, seeking to have the court inquire into the intended action of the defendant in, and to oust him in his official capacity from, publishing the proposed amendment to the constitution of the state of Kansas which is embodied in House Concurrent Resolution No. 20 adopted by the Kansas legislature during its 1957 session (Laws 1957, Chapter 235) and further, to oust him from placing the proposed amendment on the general election ballot in the November 4, 1958, general election.

The salient portions of the state's position and the record disclose that during the 1957 session of the legislature the Senate and House of Representatives passed by the requisite majorities House Concurrent Resolution No. 20 which in pertinent part reads:

"'A Proposition to amend article 15 of the constitution of the state of Kansas by adding a new section thereto relating to the right of individuals to join or not to join a labor organization.

"Be it resolved by the Legislature of the State of Kansas, two-thirds of the members elected to the House of Representatives and two-thirds of the members elected to the Senate concurring therein:

"SECTION 1. There is hereby submitted to the qualified electors of the state for their approval or rejection, a proposal to amend article 15 of the constitution of the state of Kansas by adding thereto a new section to be numbered section 12, to read as follows:

" 'SEC. 12. No person shall be denied the opportunity to obtain or retain employment because of membership or nonmembership in any labor organization, nor shall the state or any subdivision thereof, or any individual, corporation, or any kind of association enter into any agreement, written or oral, which excludes any person from employment or continuation of employment because of membership or nonmembership in any labor organization.'

"SEC. 2. This proposition shall be submitted to the electors of the state at the general election in the year 1958 for their approval or rejection. The

amendment hereby proposed shall be designated on the ballot by the following title: *'Guaranteed freedom to join or not to join a labor organization amendment to the constitution,'* and shall be voted for or against as provided by law under such title.

"Sec. 3. This resolution, if concurred in by two-thirds of the members elected to the house of representatives and two-thirds of the members elected to the senate, shall be entered on the journals, together with the yeas and nays, and the proposition shall be published and submitted to the electors as provided by law; and it shall also be published by the secretary of state in the regular Session Laws of Kansas for 1957 and be given a chapter number therein." ( Our emphasis.)

On April 28, 1958, during the 1958 special session of the legislature, relator, in reply to that legislature's special request of April 24, 1958, and pursuant to G. S. 1949, 75-704, furnished that body with his legal opinion that the foregoing resolution is invalid as is also the ballot title thereto for the reason they are at variance with article 14, section 1, of our state constitution; that the ballot title is defective, incomplete and misleading in that it conveys a false idea of the proposed amendment; that the above resolution had been delivered to defendant about April 8, 1957, and he will, unless ousted from so doing, publish it in at least one newspaper of and in each county in the state for three months preceding the November 4, 1958, general election and will cause the proposition to be placed on the general election ballot in the form prescribed in the resolution; it is in the public interest that a determination of the validity of the proposed amendment be made and plaintiff has no adequate remedy at law.

Omitting unnecessary admissions and denials, the defendant answers by alleging that it is his desire and intention lawfully to perform the duties of his office and to obey the applicable mandates of the constitution, statutes, legislature and courts; that he relies on such mandates of pertinent existing constitutional provisions and legislative enactments in addition to the presumption of validity which attends all legislative enactments; he admits that unless ousted or otherwise instructed by the court, he will publish the proposed constitutional amendment according to the provisions of article 14, section 1, and will cause the amendment to be placed upon the general election ballot on November 4, 1958, in the form prescribed by the resolution and in accordance with the directive therein and G. S. 1949, 25-605; a determination of the issues herein is in the public interest and plaintiff has no adequate remedy at

law; the applicable law should be ·fully declared and defendant should be fully instructed and directed by the court; defendant denies the correctness of relator's opinion. It is further denied that the ballot title is defective, incomplete or misleading by conveying, or intending to convey, any false idea, that the ballot title is at variance with the intent or meaning of the proposed amendment, that the resolution is invalid, or that submission of the amendment by said ballot title would be contrary to the constitution or laws of the state of Kansas.

After further alleging his interpretation of the meaning of the words "the same" in article 14, section 1, of our constitution, the defendant further alleges:

". . . *that if for any reason the Court should determine that designation of said proposed constitutional amendment upon the ballot solely by the designated ballot title prescribed in Section 2 of said House Concurrent Resolution No. 20 would be contrary to law, then the defendant, in accordance with the other provisions of said Concurrent Resolution and of Section 1 of Article 14 of said Constitution as in this paragraph cited, may lawfully cause said proposed constitutional amendment to be placed upon said ballot both by said designated ballot title and by recitation of the full text of said proposed amendment, all as in the form evidenced by Exhibit 'A' hereto attached, and that by so doing said proposed constitutional amendment will have been properly submitted to the electors at said election in accordance with the Constitution and Statutes of the State of Kansas, and that it should be so determined and declared by the Court.*

". . . *if* for any reason *the Court should determine that any use of the designated ballot title prescribed in Section 2 of said House Concurrent Resolution No. 20 would be contrary to law, then the defendant alleges that that portion of said Concurrent Resolution making provision therefor is severable from the remainder of said Concurrent Resolution, and the defendant alleges that in accordance with the provision of Section 1 of Article 14 of the Constitution of the State of Kansas expressly cited in Paragraph numbered VII hereof, he may lawfully cause said proposed constitutional amendment to be placed upon said ballot solely by recitation of the full text thereof in the form evidenced by Exhibit 'B' hereto attached, and that by so doing said proposed constitutional amendment will have been properly submitted to the electors at said election in accordance with the Constitution and laws of the State of Kansas, and that it should be so determined and declared by the Court.*" (Our emphasis.)

At the outset it should be noted that in the oral presentation and argument of relator any objection, as was shown in his legal opinion furnished the legislature in his letter of April 28, 1958, to the validity of House Concurrent Resolution No. 20 because of failure to make proper entry in regard thereto on the journal of the Senate was cor-

rected by that body during the 1958 special legislative session so that such objection has been abandoned by plaintiff. The opinion, therefore, need not be extended by a discussion and determination thereof.

The constitution of the state of Kansas, article 14, as to amendments, in part reads:

"§ 1. *Proposal of amendment; publication; election.* Propositions for the amendment of this constitution may be made by either branch of the legislature; and if two-thirds of all the members elected to each house shall concur therein, such proposed amendments, together with the yeas and nays, shall be entered on the journal; and the secretary of state shall cause the same to be published in at least one newspaper in each county of the state where a newspaper is published, for three months preceding the next election for representatives, at which time the same shall be submitted to the electors, for their approval or rejection; and if a majority of the electors voting on said amendments, at said election, shall adopt the amendments, the same shall become a part of the constitution. . . ."

We wish to emphasize that we are not concerned with the question of whether this proposed constitutional amendment will be approved or rejected at the next general election on November 4, 1958. In this original proceeding, the only issue before the court under the petition filed by the attorney general and the answer of defendant is the question of the exact procedure to be followed in submitting a proposed constitution amendment to the electors of this state under the provisions of our state constitution.

We have examined and considered all briefs filed but a detailed discussion thereof is not necessary now in view of what is later stated herein and for the further reason that the present controversy was submitted to the court before the proposed constitutional amendment could be submitted to the electorate.

Our cardinal concern in determining the question before us relates to the procedural provisions of the constitution, article 14, section 1, which we hold to be plain, clear, unambiguous, concise, definite and self-executing in every respect as to how and by whom the proposed amendment is to be submitted to the electors at the next general election on November 4, 1958.

The office of secretary of state is a part of the executive branch of our state government, as provided by article 1, section 1, of the state constitution; the Senate and House of Representatives comprise the legislative branch of our state government, under article 2, section 1; likewise, under article 3, section 1, this court is a part

of the judicial branch of our state government. All constitutional officers of our state are duty bound to comply fully with the limitations provided in our constitution, which is the fundamental law of the people. (*Prohibitory-Amendment Cases,* 24 Kan. 700, 707.)

The first portion of the constitution, article 14, section 1, limits the legislature to the function of drafting and properly adopting a concurrent resolution to amend the constitution with a proposed constitutional amendment. As shown by the very terms of this resolution, the legislature in this particular instance has done everything that it can do under that constitutional limitation and any past practice developed by the legislature expanding that constitutional limitation of its power in the premises cannot be condoned. Thus 'in this case the legislative directive regarding the ballot title whereby the proposed amendment to the constitution is to be submitted to the voters infringes upon the express limitations of article 14, section 1, and for that reason the directive is ineffectual.

The next portion of section 1, article 14, to be discussed is that of publishing "the same" in a newspaper of each county of the state for three months preceding the next election for representatives. This is an exercise of power limited to the secretary of state. It is conceded by the parties, and properly so, that in this instance the term "the same" means the proposed amendment to the constitution. The word *amendment* is used in the singular because we are concerned with only one amendment, and not amendments as specifically contained in article 14, section 1, of the constitution.

The crux of the matter for judicial interpretation involves the next procedural portion of article 14, section 1,

". . . at which time *the same* shall be submitted to the electors, for their approval or rejection. . . ." (Our emphasis.)

The relator argues that the ballot title directed by the legislature reading,

"Guaranteed freedom to join or not to join a labor organization amendment to the constitution . . .,"

does not fairly reflect the scope of the proposed amendment as required by the intent of the constitution and the laws of the state of Kansas. His position is well taken because the phrasing of article 14, section 1, specifically naming the *secretary of state* as the official to make the newspaper publications expresses a clear intent that the preparation of the ballot, whereby "the same" shall be

submitted to the electors, *is a duty*, the performance of which is also limited to the *secretary of state*. Further, it is clear the words "the same" can only have a meaning in this portion controlling the submission to the electors identical with the one they have in the portion controlling publication by the secretary of state. Thus we conclude article 14, section 1, requires that a proposed amendment to our state constitution be printed in full upon the ballot whereby it shall be submitted to the electors for their approval or rejection.

Since the legislature has properly adopted the proposed amendment, the terms of article 14, section 1, require its submission to the electors. This court is limited to an interpretation of the procedural portions of the statute as to submission of the proposed amendment and is not empowered to prevent such submission. Therefore, the secretary of state will not be ousted from his duty to place the proposed amendment on the ballot for submission to the electors for their approval or rejection but he is ordered to carry out that duty in accordance with the express mandate of the particular portion of the constitution stated herein and print the proposed amendment to the state constitution in full on the ballot.

In the interest of clarity, what has heretofore been stated and held means that the proposed amendment to the constitution, and no other portion of the resolution passed by the legislature, is to be published and printed on the ballot by the secretary of state. We repeat, for purposes of emphasis, that such proposed amendment is set forth at length in section 1 of the resolution. It reads:

" 'SEC. 12. No person shall be denied the opportunity to obtain or retain employment because of membership or nonmembership in any labor organization, nor shall the state or any subdivision thereof, or any individual, corporation, or any kind of association enter into any agreement, written or oral, which excludes any person from employment or continuation of employment because of membership or nonmembership in any labor organization.' "

It is so ordered and judgment is for defendant.